06-3827-cv
Maloney v. United States of America

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

August Term, 2007

(Argued: January 14, 2008                                  Decided: February 21, 2008)

Docket No. 06-3827-cv

PETER J. MALONEY, MARILYN G. MALONEY,

     *Plaintiffs-Appellants*,

     v.

SOCIAL SECURITY ADMINISTRATION, ANNE JACOBSKY,
J. GLASSER, MS. CRUMBLE, UNKNOWN EMPLOYEES OF
THE SOCIAL SECURITY ADMINISTRATION, SOM RAMRUP,
JANET MULLARKEY,

     *Defendants-Appellees*,

UNITED STATES OF AMERICA,

     *Defendant.*

Before: KEARSE, LEVAL, and CABRANES, *Circuit Judges.*

Plaintiffs-appellants appeal from a judgment dismissing their complaint, which charged

defendants-appellees with, *inter alia*, a violation of the Age Discrimination Act of 1975, 42 U.S.C. §§

6101-6107. The United States District Court for the Eastern District of New York (Joseph F. Bianco,

*Judge*) dismissed the complaint in part pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure

for lack of subject matter jurisdiction and otherwise pursuant to Rule 12(b)(6) for failure to state a claim

upon which relief can be granted. Because we hold that the Age Discrimination Act does not apply to

the Social Security Administration and find no error in the District Court's dismissal of the complaint,

the judgment is affirmed.

1

PETER J. MALONEY, (Daniel Kogan, Ozone Park, New York *on the brief*), Fort Tilden, New York, *for Plaintiffs-Appellants.*

KATHLEEN A. MAHONEY, Assistant United States Attorney, (Roslynn R. Mauskopf, United States Attorney; Varuni Nelson, Assistant United States Attorney, *of Counsel*), United States Attorney's Office for the Eastern District of New York, Brooklyn, New York, for *Defendants-Appellees.*

PER CURIAM:

Plaintiffs-appellants Peter J. Maloney ("Peter Maloney") and Marilyn G. Maloney ("Marilyn Maloney") appeal from a judgment entered pursuant to the June 19, 2006 Memorandum and Order of the United States District Court for the Eastern District of New York (Joseph F. Bianco, *Judge*) dismissing their complaint in part under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and otherwise under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiffs brought this action against defendants-appellees Social Security Administration ("SSA"), various SSA employees, and Special Assistant United States Attorney Som Ramrup, counsel for the SSA, to obtain allegedly past-due Social Security benefits and for relief from various statutory and constitutional violations. In their complaint, plaintiffs allege, *inter alia*, that defendants unlawfully suspended plaintiffs' Social Security benefits, conspired to deny plaintiffs a hearing, and discriminated against them on the basis of age and sex. This conduct, plaintiffs allege, violated the Age Discrimination Act of 1975, 42 U.S.C. §§ 6101-6107, and various other statutory and constitutional provisions prohibiting discriminatory practices. On appeal, plaintiffs urge this Court to conclude that the District Court erred when it dismissed their complaint.

## BACKGROUND

Our recitation of the facts relies on the June 19, 2006 Memorandum and Order of the District Court, *Maloney v. Social Security Administration*, No. 02-CV-1725, 2006 WL 1720399 (E.D.N.Y. June 19, 2006).

2

In October 1994, Peter Maloney filed a claim under the Social Security Act for "old-age insurance" benefits, *see* 42 U.S.C. § 402(a); 20 C.F.R. § 404.310, requesting that they commence on his sixty-fifth birthday in December 1994. Shortly thereafter, his wife, Marilyn Maloney, applied for "wife's insurance benefits" pursuant to 42 U.S.C. § 402(b). After an initial review of the Maloneys' applications, the SSA rendered a favorable decision and determined that Peter Maloney was entitled to benefits effective December 1994 and Marilyn Maloney was entitled to receive "wife's insurance benefits" as of the same date. Peter Maloney subsequently decided to continue working as a self-employed attorney and elected to defer his benefits until after he ceased working full time. Upon notification of Peter Maloney's decision, the SSA suspended his retirement benefits and those of Marilyn Maloney that derived from her husband's status.

In August 1996, Peter Maloney informed the SSA that he intended to retire by October of that year and requested that his retirement benefits commence at that time. In October, the SSA determined that Peter Maloney was still working and, on that basis, denied his request for retirement benefits. The ensuing dispute between the Maloneys and the SSA over whether Peter Maloney was, in fact, retired temporarily cooled when Peter Maloney submitted two letters in July 1997, stating that his projected earnings for 1997 would fall within the "exempt amount" then permitted retirees by 42 U.S.C. § 403(f)(8)(D)(i).[1] Based on that representation, the SSA reinstated the Maloneys' benefits effective January 1997 and, in September 1997, paid Peter Maloney retroactive benefits in a lump sum.

The SSA continued to investigate Peter Maloney's retirement status throughout 1998. After its efforts to verify Peter Maloney's retirement status proved unsuccessful, the SSA suspended the Maloneys' benefits in early 1999 and sought to recover the Social Security benefits paid to the Maloneys between January 1997 and February 1999. In May 1999, the Maloneys filed a timely request pursuant to

---

[1] This provision was amended in 2000 to permit unlimited earnings without any commensurate reduction in benefits for beneficiaries who reached the "retirement age" as set forth in 42 U.S.C. § 416(l). *See* Pub. L. No. 106-182, § 3, 114 Stat. 198.

20 C.F.R. § 404.909(a)(1) for reconsideration of the SSA's decision to suspend benefits. The Maloneys filed several subsequent formal and informal requests for reconsideration and for a hearing before an Administrative Law Judge.[2]

In March 2001, the SSA notified Peter Maloney that his benefits were being reinstated effective December 1999, when he became seventy years of age, but the SSA would withhold his benefit payments for six months in order to recoup what the SSA considered an overpayment of benefits between January 1997 and February 1999. Peter Maloney filed simultaneous requests for (1) reconsideration of this decision and (2) a new hearing. The SSA responded to these requests with an explanation of the procedures for requesting a hearing and subsequently, in March 2002, requested the Maloneys' income tax returns for 1998 and 1999. Plaintiffs responded by filing this action in the District Court.

The SSA then issued a reconsideration decision in September 2002, denying plaintiffs' request for past Social Security benefits because plaintiffs had not established that Peter Maloney was retired during the relevant time period. On the basis of this determination, the SSA concluded that the Maloneys were not entitled to benefits prior to December 1999, the date when Peter Maloney reached the age of seventy. In addition, the SSA attributed its delayed resolution of plaintiffs' claims for benefits on the Maloneys' conduct, specifically their failure to provide the SSA with information, such as the Maloneys' tax returns, necessary to determine whether Peter Maloney had, in fact, retired in October 1996. The Maloneys requested a hearing following the SSA's September 2002 determination but failed to use the proper Form HA-501. In September 2003, the SSA held a hearing which resulted in an October 2003 decision fully favorable to plaintiff, finding that Peter Maloney was retired as of October 1996 and entitled to benefits as of that date. Despite the favorable ruling, plaintiffs decided to continue with this action.

---

[2] After a reconsidered determination has been rendered by the SSA, a claimant can request a hearing before an Administrative Law Judge as part of the administrative appeals process. *See* 20 C.F.R. § 422.203(c).

4

Plaintiffs' complaint asserts several causes of action against the defendants, including claims under the Age Discrimination Act, 42 U.S.C. §§ 6101-6107; the Social Security Act, 42 U.S.C. § 401 *et seq.*; various civil rights statutes, specifically 42 U.S.C. §§ 1983, 1985, 1986; and directly under the Fourth, Fifth, and Fourteenth Amendments to the Constitution. Plaintiffs allege that defendants unlawfully suspended their Social Security benefits, subjected them to harassment, conspired to deny them a hearing, discriminated against them both on the basis of age and against Marilyn Maloney on the basis of sex, and violated their due process rights. In particular, plaintiffs allege that their Social Security benefits were suspended without a hearing and their repeated requests for a hearing were ignored. They seek past-due Social Security benefits, actual and punitive money damages, and declaratory and injunctive relief.

The District Court dismissed four of plaintiffs' claims for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(b)(1), and the remainder of the complaint for failure to state a claim upon which relief can be granted, *see* Fed. R. Civ. P. 12(b)(6). The Court determined it lacked subject matter jurisdiction over the claims for Social Security benefits because (1) plaintiffs had not exhausted their administrative remedies as required by 42 U.S.C. § 405(g) and (2) their claims were moot in light of the retroactive benefits plaintiffs received shortly after they filed this suit.[3] Turning to the remaining causes of action, the District Court dismissed the Age Discrimination Act and Section 1983 claims on the ground that neither statute applies to the SSA or its employees, as agents of the federal government. It also dismissed plaintiffs' claims of an unlawful conspiracy to harass and deprive them of their rights to due process, brought under Sections 1985 and 1986, because the complaint failed to allege any class-based invidious discrimination. With respect to plaintiffs' Fifth Amendment claim, the Court construed it as arising from alleged violations of the plaintiffs' due-process rights actionable under the doctrine of

---

[3] Because the SSA decided in October 2003 that plaintiffs are entitled to the money it paid them, it is no longer seeking to collect overpayment, removing any controversy regarding the benefits as paid.

*Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). The Court concluded that plaintiffs' factual allegations could not support a due process claim.[4] Judgment was entered and this appeal followed.

On appeal, plaintiffs assert that the District Court erred in concluding that (1) it did not have subject matter jurisdiction over plaintiffs' claims for Social Security benefits and (2) the complaint failed to state claims under the Age Discrimination Act; Sections 1983, 1985, and 1986; and the Fourth, Fifth, and Fourteenth Amendments.

**DISCUSSION**

In reviewing a district court's dismissal of a complaint for lack of subject matter jurisdiction, we review factual findings for clear error and legal conclusions *de novo*. *See, e.g., Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). We review *de novo* a district court's dismissal for failure to state a claim upon which relief can be granted. *See, e.g., Weixel v. Bd. of Educ.*, 287 F.3d 138, 145 (2d Cir. 2002).

We affirm the judgment of the District Court substantially for the reasons stated in its Memorandum and Order of June 19, 2006. *See Maloney*, 2006 WL 1720399. We write briefly to clarify a single issue—whether the Age Discrimination Act applies to the SSA, a federal agency. We hold that it does not.

The Age Discrimination Act mandates that "no person in the United States shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subject to discrimination under, any program or activity receiving [f]ederal financial assistance." 42 U.S.C. § 6102. The statute, in turn, defines "program or activity" to encompass the operations of certain types of state and local

---

[4] The court also dismissed plaintiffs' Fourth and Fourteenth Amendments claims because plaintiffs had not stated any factual allegations concerning unlawful searches or seizures and the Fourteenth Amendment applies only to the states.

governmental entities as well as educational institutions and private institutions.[5]  Plaintiffs point to no

provision of the Age Discrimination Act—and we are aware of none—that would suggest that a federal

agency, such as the SSA, comes within the statute's reach.

Nevertheless, our Court has not yet had occasion to determine whether Social Security benefits

or programs administered by the SSA are "programs or activities" within the meaning of the Age

Discrimination Act, 42 U.S.C. § 6107(4).  In *Soberal-Perez v. Heckler*, 717 F.2d 36 (2d Cir. 1983),

however, we considered a nearly identical question in the context of a similar statute, Title VI of the

Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq* ("Title VI").  The *Soberal-Perez* plaintiffs brought an

action against the SSA pursuant to Section 601 of Title VI, which prohibits racial discrimination in the

---

[5] 42 U.S.C. § 6107(4) defines "program or activity" as

"all of the operations of—

(A)(i) a department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(B)(i) a college, university, or other postsecondary institution, or a public system of higher education; or

(ii) a local educational agency (as defined in section 7801 of Title 20), system of vocational education, or other school system;

(C)(i) an entire corporation, partnership, or other private organization, or an entire sole proprietorship–

(I) if assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(II) which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) the entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(D) any other entity which is established by two or more of the entities described in subparagraph (A), (B), or (C);

any part of which is extended Federal financial assistance.

participation in or provision of benefits "under any program or activity receiving [f]ederal financial assistance," 42 U.S.C. § 2000d. After examining the language of Title VI, its legislative history, the relevant agency regulations, and the case law interpreting the statute, we found that the statute's term "program or activity receiving [f]ederal financial assistance," did not cover federal agencies administering their own budgets, such as the SSA. We concluded therefore that Title VI does not apply to programs directly administered by the federal government, *Soberal-Perez*, 717 F.2d at 38-39, explaining that "[Title VI] was meant to cover only those situations where federal funding is given to a non-federal entity which, in turn, provides financial assistance to the ultimate beneficiary," *id.* at 38.

The current language of the Age Discrimination Act (set forth in note 5, *ante*) is for our purposes functionally identical to the terms of Title VI, as it was when we interpreted the statute in *Sobaral-Perez*. *Compare* 42 U.S.C. § 2000d-4a *with* 42 U.S.C. § 6107(4), *see* note 5, *ante*; *see also Action Alliance of Sr. Citizens of Greater Phila. v. Heckler*, 789 F.2d 931, 934, n.1 (D.C. Cir. 1986) (observing that the Age Discrimination Act was modeled on Title VI). In addition, the relevant provisions of both statutes share a common history. Title VI and the Age Discrimination Act were both amended in response to the Supreme Court's narrow interpretation in *Grove City College v. Bell*, 465 U.S. 555, 570-75 (1984), of similar language in Title IX of the Education Amendments of 1972, 20 U.S.C. 1681 *et seq.* ("Title IX"), specifically the phrase "education program or activity." Prompted by concern that the *Grove City* interpretation would apply to Title VI, the Age Discrimination Act, Title IX, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, all of which applied to any federal "program or activity," Congress passed, and the President signed, the Civil Rights Restoration Act of 1987, Pub. L. No. 100-259, 102 Stat. 28 (1988). *See O'Connor v. Davis*, 126 F.3d 112, 117 (2d Cir. 1997). The Act amended the affected statutes by inserting a common definition of "program or activity" for all four of the statutes. *See Franklin v. Gwinnett County Pub. Schs.*, 503 U.S. 60, 73 (1992) (describing the history of the Civil Rights Restoration Act of 1987); *O'Connor*, 126 F.3d at 117 (same). Where two provisions in

8

different statutes share similar text and legislative histories, it is reasonable to interpret one in a manner consistent with the other. Although a new definition of "program or activity" has been inserted since the time of our decision in *Soberal-Perez* (for both Title VI and the Age Discrimination Act), that amendment did not change the meaning with respect to the non-coverage of programs directly administered by federal agencies. Indeed, the addition of the definition of "program or activity," *see* note 5 *ante* (text of provision), makes it even clearer that the SSA is not covered by either statute. Accordingly, we conclude that, as with Title VI, the Age Discrimination Act does not apply to a federal agency implementing a federal program.

In concluding that a claim may not be asserted against the SSA and its personnel under the Age Discrimination Act, we do not, of course, hold that age discrimination by the agency or its staff is without legal remedy. To put the matter another way: the SSA's exclusion from the remedial provisions of the Age Discrimination Act does not constitute a license to discriminate on the basis of age. When such discrimination occurs, "the Constitution and the Social Security Act itself," *Soberal-Perez*, 717 F.2d at 39, as well as other applicable statutes, may provide an appropriate remedy; we merely hold that the Age Discrimination Act does not.

In sum, we conclude that the District Court did not err in dismissing plaintiffs' claim under the Age Discrimination Act.

## CONCLUSION

The judgment of the District Court is affirmed.