AMENDED SUMMARY ORDER
John Paul Hankins appeals from a judgment of the United States District Court for the Eastern District of New York (Hurley, J.). Hankins, a pastor at a United Methodist church, sued the New York Annual Conference of the United Methodist Church (the “conference”) under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (2006) (the “ADEA”), and the New York State Human Rights *491 Law, N.Y. Executive Law § 290 et seq. (McKinney 2005) (“NYSHRL”), alleging that defendants’ policy requiring ministers over the age of seventy to retire violated those two statutes. The district court dismissed Hankins’ suit pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6); it concluded that under our earlier opinion in this case, Hankins v. Lyght, 441 F.3d 96, 103 (2d Cir.2006) (Hankins I), the Religious Freedom Restoration Act, 42 U.S.C.2000bb et seq. (2006), (“RFRA”) was the governing law, and that Hankins would not be able to show a compelling interest in applying the ADEA, as RFRA requires. We assume familiarity with the underlying facts and procedural history of this case, as well as the issues on appeal.
DISCUSSION
Hankins claims that the district court erred by dismissing on this basis. We review such dismissals de novo. Maloney v. Soc. Sec. Admin., 517 F.3d 70, 74 (2d Cir.2008). The Conference previously had argued that a ministerial exception to the ADEA existed which would preclude its application to Hankins, and the district court agreed. However, in Hankins I, we vacated that decision, held that RFRA is applicable to suits between private individuals (at least with regards to laws that the federal government may enforce), and remanded so that the district court could consider the applicability of RFRA.
On remand, the district court held that RFRA had displaced the ministerial exception, although the suit should still be dismissed under RFRA. Hankins v. N.Y. Annual Conf. of the United Methodist Church, 516 F.Supp.2d 225, 234-35 (E.D.N.Y.2007) (Hankins II). Subsequently, in Rweyemamu v. Cote, 520 F.3d 198, 207 (2d Cir.2008), we held that the First Amendment compelled the dismissal of a Title VII claim brought by an ordained Catholic priest because his termination was based on allegedly unsatisfactory performance of his religious duties. We also cited with approval Minker v. Balt. Annual Conf. of the United Methodist Church, 894 F.2d 1354, 1355-56 (D.C.Cir. 1990), which held that a constitutional exception to the ADEA existed in the case of a Methodist minister denied a pastorage, allegedly due to his age. The facts in this case parallel those in Rweyemamu and Minker: Hankins’ duties were that of an ordained United Methodist minister, and the basis for his mandatory retirement was a rule contained in the central governing document of the United Methodist Church. RFRA, of course, cannot displace a constitutionally-mandated rule. Accordingly, we hold that the constitutionally-based ministerial exception requires the dismissal of Hankins’ suit. See McNally Wellman Co. v. N.Y. State Elec. & Gas Corp., 63 F.3d 1188, 1194 (2d Cir.1995) (“We ... may affirm on any ground supported by the record.”).
We have reviewed Hankins’ remaining claims and find them to be without merit.
CONCLUSION
For the foregoing reasons, the judgment of the district court is AFFIRMED.