10-1157-cv
Fox Ins. Co. v. Sebelius

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of June, two thousand and ten.

PRESENT:
> ROGER J. MINER,
> ROBERT D. SACK,
> PETER W. HALL,
> > *Circuit Judges*.

_____

FOX INSURANCE COMPANY,

> *Plaintiff-Appellant*,

> v.                                                     Docket No.     10-1157-cv

KATHLEEN SEBELIUS, Secretary of the United States Department of Health and Human Services, CHARLENE FRIZZERA, Chief Operating Officer and Acting Administrator of the Centers for Medicare & Medicaid Services, JAY WEISMAN, Regional Administrator of the Centers for Medicare & Medicaid Services, BRENDA J. TRENCHIDA, Director of Program Compliance and Oversight Group Centers for Medicare & Medicaid Services,

> *Defendants-Appellees*.

_____

FOR APPELLANT:          GLENN C. COLTON, (Clare Wong Black, *on the brief*),
                        Sonnenschein Nath & Rosenthal LLP, New York, N.Y.

1

FOR APPELLEES:   CRISTINE IRVIN PHILLIPS, Assistant United States Attorney (Sarah S. Normand, Assistant United States Attorney, *on the brief*) for Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y.

   Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, J.) granting defendants-appellees' motion to dismiss.

   **UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

   Plaintiff-appellant Fox Insurance Company ("Fox") appeals from a March 29, 2010 judgment of the United States District Court for the Southern District of New York (Castel, J.), entered following the court's March 24, 2010 bench ruling, granting defendants-appellees'—Kathleen Sebelius, Secretary of the United States Department of Health and Human Services, Charlene Frizzera, Chief Operating Officer and Acting Administrator of the Centers for Medicare & Medicaid Services ("CMS"), Jay Weisman, Regional Administrator of CMS, Brenda J. Trencheida, Director of Program Compliance and Oversight Group for CMS (collectively, "CMS")—motion to dismiss for lack of subject matter jurisdiction and denying Fox's motion for a preliminary injunction as moot. *Fox Ins. Co. v. Sebelius*, 10 CV 2218, Hearing Tr. at 29-39 (S.D.N.Y. Mar. 24, 2010) ("Hearing Tr."). We assume the parties' familiarity with the facts, procedural history, and issues on appeal, and only refer to those facts necessary to our disposition of this appeal. For the following reasons, we affirm.

## BACKGROUND

On March 9, 2010, CMS terminated its contract with Fox, a for-profit provider of Medicare Part D[1] prescription drug coverage (a "Part D sponsor") to Medicare- and Medicaid-eligible individuals ("beneficiaries"). According to its letter of termination, CMS terminated Fox's prescription drug plan contract pursuant to statute (42 U.S.C. § 1395w-112(b)(3)(F)), regulation (42 C.F.R. § 423.509(b)(2)), and contract (Art. VIII.B.). The principal reason for termination was CMS's

> determin[ation] that Fox has failed to provide their enrollees with prescription drug benefits in accordance with CMS requirements as well as in a manner consistent with professionally recognized standards of health care. The significant magnitude of these deficiencies exposes Fox's enrollees to imminent and serious risk to their health, thus warranting the immediate termination of Fox's contract with CMS.

he termination letter further indicated that CMS immediately terminated Fox's contract pursuant to 42 C.F.R. § 423.509(a)(5),[2] as a result of

---

[1] Medicare Part D provides coverage for prescription medications to qualifying enrollees. *See* Medicare Prescription Drug, Improvement, and Modernization Act of 2003 ("Medicare Prescription Drug Act"), Pub. L. No. 108-173, Title I, §§ 101-111, 117 Stat. 2066, 2071-176 (Dec. 8, 2003) (codified at 42 U.S.C. §§ 1395w-101 to 1395w-152). Title I of the Medicare Prescription Drug Act amended the Medicare Act by enacting the "Voluntary Prescription Drug Benefit Program," effective January 1, 2006. *See* 42 U.S.C. §§ 1395w-101 to 152. Commonly referred to as "Medicare Part D," the program provides comprehensive Medicare coverage of outpatient prescription drugs. *Id*.

[2] 42 C.F.R. § 423.509(a)(5) provides:

(a) Termination by CMS. CMS may terminate a contract for any of the following reasons if the Part D sponsor--

(5) Experiences financial difficulties so severe that its ability to provide necessary prescription drug coverage is impaired to the point of posing an imminent and serious risk to the health of its enrollees, or otherwise fails to make services available to the extent that a risk to health exists.

> Fox's delaying and/or denying access to . . . drugs (particularly protected class drugs, including: HIV, cancer, and anti-seizure medications), [which] resulted in a failure to make medically necessary services available to beneficiaries to an extent such that there is an imminent and serious risk to the health and safety of enrollees.

The termination letter additionally informed Fox of its right to request a hearing before an administrative officer.

On March 15, 2010, Fox challenged its termination by filing a complaint in the district court. On March 22, Fox filed for administrative review of the termination without prejudice to the rights it asserted before the district court. Hearing Tr. at 31; Appellant's Br. at 21 n.3.

On March 24, 2010, the district court issued a ruling from the bench granting CMS's motion to dismiss Fox's complaint for lack of subject matter jurisdiction. The court held that Fox "had the ability to challenge the termination of its CMS contract administratively," and because it had failed to exhaust this remedy, Fox "ha[d] not satisfied this jurisdictional element of [42 U.S.C. §] 405(g)." Hearing Tr. at 35. The court acknowledged that, under the Supreme Court's decision in *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1 (2000), "[s]ection 405(h) is not a jurisdictional bar when it[]s application would lead to no judicial review at all," Hearing Tr. at 32-33, but concluded that that was not the case here since Fox "had the ability to challenge the termination of its CMS contract administratively." *Id*. at 35; *see also id*. at 33 ("The fact that all of plaintiff's enrollees have been transferred to another provider and that Fox may face severe financial hardship, even the threat of bankruptcy, does not mean that it is entirely precluded from judicial review of CMS's decision [to terminate its contract]."). To the contrary, the court noted that though Fox "has not exhausted its administrative remedies . . . it now has begun to pursue it." *Id*. at 33 The court also noted that Fox did not satisfy this Court's test concerning waiver of the exhaustion requirement. *Id*. at 35-37 (citing *Abbey v.*

4

*Sullivan*, 978 F.2d 37, 44 (2d Cir. 1992)). Lastly, the court determined that Fox was not entitled to mandamus relief under 28 U.S.C. § 1361, which provides jurisdiction only when "the plaintiff has exhausted all other avenues of relief, and only if the defendant owes the plaintiff a clear nondiscretionary duty." *Id*. at 37 (citing *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)). The court held that because Fox "ha[d] not exhausted its adequate administrative remedies," *id*. at 37, and because the agency decision at issue did not involve a clear nondiscretionary duty, Fox was "not entitled to mandamus relief," *id*. at 38-39.

## DISCUSSION

"In reviewing a district court's dismissal of a complaint for lack of subject matter jurisdiction, we review factual findings for clear error and legal conclusions *de novo*." *Maloney v. Soc. Sec. Admin.*, 517 F.3d 70, 74 (2d Cir. 2008) (per curiam). If a statute directs the initial adjudication of a claim through an administrative agency, as it does here, a district court is without jurisdiction to hear the claim until administrative review is complete. *See McHugh v. Rubin*, 220 F.3d 53, 59 (2d Cir. 2000) (citing *Illinois Council*, 529 U.S. 1).

Fox argues that the district court should have exercised jurisdiction because it "challenged CMS's interpretation and implementation of its regulations as violating both the authorizing statute and the plain text of the regulations." Appellant's Br. at 17. We do not agree. Instead, we agree with the district court's assessment that "at bottom, [Fox] seeks to compel an officer of a United States agency to perform duties owed to the plaintiff." Hearing Tr. at 36 (citing Fox's complaint, ¶ 1). The relief Fox sought belies its assertion that it only seeks to challenge the interpretation and implementation of CMS regulations. *Cf. Furlong v. Shalala*, 238 F.3d 227, 234 (2d Cir. 2001) ("We are convinced that plaintiffs' claims are challenges to

5

agency policy . . . rather than challenges to the calculation of benefits. . . . [J]urisdiction is lacking where the claim is merely that the [agency] misapplied or misinterpreted valid rules and regulations." (quoting *Abbey*, 978 F.2d at 42)). For example, Fox seeks an order providing, *inter alia*, the following relief: "requiring [CMS] to withdraw its letter purporting to terminate Fox as a Medicare Part D Plan Sponsor"; "requiring CMS to restore all beneficiaries enrolled with Fox on March 9, 2010 back to the Fox plan"; "requiring CMS to issue notices and press releases stating that [the] Fox contract had been improperly terminated and that Fox has been reinstated as an approved [] sponsor"; and "requiring CMS to provide Fox with all process due under the governing regulations and under the CMS/Fox contract." Complaint, ¶ 1. Any claims Fox may have challenging the agency's interpretation or implementation of its regulations are properly raised *after* it has exhausted the available administrative remedies. *See Illinois Council*, 529 U.S. at 23 ("[A]fter following the [administrative] review route that the statutes prescribe, [a party remains free] to contest in court the lawfulness of any regulation or statute upon which an agency determination depends. . . . After the action has been so channeled, the court will consider the contention when it later reviews the action.").

The district court correctly held that it lacked jurisdiction over Fox's claims because Fox had not exhausted its claims administratively. Pursuant to the Medicare Act, 42 U.S.C. § 405(g) and (h); *id*. § 1395ii (incorporating § 405(g) and (h)); *see also Ringer*, 466 U.S. at 614-15 ("42 U.S.C. § 405(h), made applicable to the Medicare Act by 42 U.S.C. § 1395ii, provides that § 405(g), to the exclusion of 28 U.S.C. § 1331, is the sole avenue for judicial review for all 'claim[s] arising under' the Medicare Act." (footnote omitted)), Fox had the opportunity, and was required, to channel any appeal of its termination through CMS's appeals process. As of its

March 9, 2010 termination, Fox was immediately eligible to request a hearing before a CMS hearing officer and was entitled to a hearing within thirty days of its request. *See* 42 C.F.R. §§ 423.651, 423.655(a).

We also agree with the district court's conclusion that Fox does not fall within *Illinois Council*'s *narrow* exception to the statutory bar to jurisdiction that § 405(h) imposes. That is, Fox's claimed financial harm does not constitute the circumstances in which CMS's actions and their effects on Fox are subject to "no review at all." 529 U.S. at 19. *Illinois Council* does not hold that where a party may suffer economic hardship it may sidestep administrative review. Fox's assertion that it could not have challenged its termination by the agency administratively, Appellant's Br. at 28, is not supported by the record. As noted, Fox had the opportunity to avail itself of its administrative remedy, and it has now done so. For Fox to proceed in federal court, it was required to follow the Medicare Act's administrative review channels and obtain a final agency ruling. *See* 42 U.S.C. § 405(g), (h). Because a final agency ruling is a prerequisite to federal jurisdiction over Medicare Act claims, the district court properly dismissed Fox's complaint.

Lastly, we affirm the district court's order declining to grant mandamus relief for the reasons it has articulated: (1) Fox has not exhausted its administrative remedies, and (2) CMS's decision did not involve a clear nondiscretionary duty.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7