11-1414-cv
Orkin v. Swiss Confederation

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of October, two thousand eleven.

PRESENT:  ROGER J. MINER,
            ROBERT D. SACK,
            REENA RAGGI,
                 *Circuit Judges*.

-----------------------------------------------------------------------

ANDREW ORKIN,
            *Plaintiff-Appellant*,

        v.                               No. 11-1414-cv

THE SWISS CONFEDERATION, MUSEUM OSKAR REINHART AM STADTGARTEN, and SAMMLUNG OSKAR REINHART "AM RÖMERHOLZ,"
            *Defendants-Appellees*.
-----------------------------------------------------------------------

APPEARING FOR APPELLANT:      RICHARD A. ALTMAN, Law Office of Richard A. Altman, New York, New York.

APPEARING FOR APPELLEES:      LAURIE E. FOSTER (Matthew Kalinowski, Morgan, Lewis & Bockius LLP, New York, New York; Allyson N. Ho, Morgan, Lewis & Bockius LLP, Houston, Texas, *on the brief*), Morgan, Lewis & Bockius LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on March 15, 2011, is AFFIRMED.

Andrew Orkin, who sued the Swiss Confederation, the Oskar Reinhart Foundation, and the Oskar Reinhart Collection, to recover a Vincent van Gogh drawing once owned by his great-grandmother, appeals the dismissal of this action for lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act of 1976 ("FSIA"), 28 U.S.C. §§ 1330, 1602–1611, and the Alien Tort Statute ("ATS"), id. § 1350. In reviewing a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1), we review a district court's factual findings for clear error and its legal conclusions de novo. See Maloney v. Soc. Sec. Admin., 517 F.3d 70, 74 (2d Cir. 2008). We review a district court's denial of jurisdictional discovery for abuse of discretion. See, e.g., Swarna v. Al-Awadi, 622 F.3d 123, 143–44 (2d Cir. 2010). In applying these standards, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.   FSIA

We affirm the judgment for substantially the reasons stated by the district court in its well-reasoned opinion. See Orkin v. Swiss Confederation, 770 F. Supp. 2d 612 (S.D.N.Y. 2011). As Orkin acknowledges, because the Swiss Confederation is a foreign state and the amended complaint alleges that the Foundation and Collection are "agenc[ies] or

2

instrumentalit[ies] of defendant [t]he Swiss Confederation," Am. Compl. ¶¶ 26–27, the FSIA "provides the sole basis for obtaining jurisdiction over [defendants] in the courts of this country," Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 443 (1989); accord NML Capital, Ltd. v. Banco Central de la República Argentina, --- F.3d ----, 2011 WL 2611269, at *9 (2d Cir. July 5, 2011). The only FSIA exception that Orkin invokes to support jurisdiction is the "takings" exception, which exempts from immunity certain cases involving "rights in property taken in violation of international law." 28 U.S.C. § 1605(a)(3); see generally Garb v. Republic of Poland, 440 F.3d 579, 588 (2d Cir. 2006). That exception does not apply to this case, however, because Orkin does not allege that the drawing at issue was "taken" by the defendants or any other sovereign entity, but rather by Oskar Reinhart, a now-deceased private individual, who subsequently bequeathed the drawing to the Swiss Confederation. See Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 251 (2d Cir. 2000) ("The term 'taken' [in § 1605(a)(3)] clearly refers to acts of a sovereign, not a private enterprise, that deprive a plaintiff of property without adequate compensation.").

Orkin argues that Zappia can be distinguished on the grounds that the case "involved nothing more than a dispute over construction contracts" and was decided after "two years of [jurisdictional] discovery." Appellant's Br. at 24–25. But these distinctions, even if true, are immaterial and do not relieve Orkin of his burden to show that the drawing was "taken" by a sovereign within the meaning of the FSIA. Orkin contends that "the identity of the actor responsible for the taking simply does not matter" in determining whether the "takings"

3

exception applies.[1]  Id. at 36.  In support of this proposition, Orkin relies exclusively on

Cassirer v. Kingdom of Spain, 616 F.3d 1019 (9th Cir. 2010) (en banc), cert. denied, 131

S. Ct. 3057 (2011), and Agudas Chasidei Chabad v. Russian Federation, 466 F. Supp. 2d 6

(D.D.C. 2006), aff'd in part and rev'd in part, 528 F.3d 934 (D.C. Cir. 2008).  Both of these

cases, however, concerned situations where one sovereign, rather than a private individual,

took the disputed property that subsequently came into another sovereign's possession.  See

Cassirer v. Kingdom of Spain, 616 F.3d at 1032 (holding that "§ 1605(a)(3) does not require

that the foreign state against whom suit is brought be the foreign state that took the property

at issue in violation of international law" (emphasis added)); Agudas Chasidei Chabad v.

Russian Fed'n, 466 F. Supp. 2d at 19 (holding that "[f]or the purposes of the FSIA, the

defendant-state need not be the state that took the property in violation of international law"

(emphasis added)).  Thus, Cassirer and Agudas Chasidei Chabad are inapposite and do not

support Orkin's urged interpretation of § 1605(a)(3).

The takings exception thus does not apply because the amended complaint fails to

allege that the drawing was "taken" within the meaning of the FSIA.  In the absence of any

"specific facts" providing a "reasonable basis for assuming jurisdiction," the district court

---

[1] Responding to a suggestion from the Court at oral argument, counsel argued for the first time, in the alternative, that a taking occurred when the Swiss Federation was advised of Orkin's claim of ownership but denied his claim and instead retained the drawing. Counsel acknowledged that Orkin failed to plead this theory in support of his claim for jurisdiction under the takings exception, and failed to advance it in his brief.  We therefore express no opinion as to the merits of this alternative argument. See Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998).

4

did not abuse its discretion in denying jurisdictional discovery.  EM Ltd. v. Republic of Argentina, 473 F.3d 463, 486 (2d Cir. 2007) (internal quotation marks omitted).

2.     ATS

Orkin argues that, notwithstanding the amended complaint's allegation that the Collection and Foundation are agencies or instrumentalities of the Swiss Confederation, the ATS provides an alternative basis for jurisdiction if the Collection and Foundation are, instead, private entities.  See generally Presbyterian Church of Sudan v. Talisman Energy, Inc., 582 F.3d 244, 255 (2d Cir. 2009) (setting forth three elements for ATS jurisdiction: "plaintiffs must (i) be 'aliens,' (ii) claiming damages for a 'tort only,' (iii) resulting from a violation 'of the law of nations' or of 'a treaty of the United States'" (internal quotation marks omitted)).  This argument fails for several reasons.  First, as a factual matter, Orkin does not point to anything in the record to undermine evidence demonstrating that (1) the Collection, which physically possesses the drawing, is not a separate legal entity, but wholly owned by the Swiss Confederation; and (2) the Foundation has never owned the drawing.  Second, the amended complaint fails, as a matter of law, to allege a cognizable violation of the law of nations by any of the defendants, see generally Sosa v. Alvarez-Machain, 542 U.S. 692, 732 (2004) (limiting ATS's reach to "a handful of heinous actions—each of which violates definable, universal and obligatory norms" (internal quotation marks omitted)); accord Presbyterian Church of Sudan v. Talisman Energy, Inc., 582 F.3d at 255–56, much less one that falls within the subset of international norms for the violation of which private individuals may be held liable even in the absence of state action, see generally Kadic v.

5

<u>Karadzic</u>, 70 F.3d 232, 241–44 (2d Cir. 1995) (holding that private individuals may be held liable under the ATS for genocide and war crimes but not torture or summary execution). Although Orkin maintains that both the original acquisition of the drawing by Reinhart and defendants' retention of the same constitute violations of the law of nations, he cites no authority to support this claim. Indeed, our precedent is to the contrary. <u>See</u> <u>IIT v. Vencap, Ltd.</u>, 519 F.2d 1001, 1015 (2d Cir. 1975) (Friendly, J.) ("We cannot subscribe to plaintiffs' view that the Eighth Commandment 'Thou shalt not steal' is part of the law of nations."), <u>abrogated on other grounds by</u> <u>Morrison v. Nat'l Austl. Bank Ltd.</u>, 130 S. Ct. 2869 (2010). Thus, jurisdiction does not lie under the ATS.

3.    <u>Conclusion</u>

We have considered Orkin's remaining arguments on appeal and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6