12-2438-cv
Donnelly v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of January, two thousand fourteen.

PRESENT:
> GUIDO CALABRESI,
> REENA RAGGI,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

---

TIMOTHY B. DONNELLY,
> *Plaintiff-Appellant*,

v.                                                                No. 12-2438-cv

UNITED STATES OF AMERICA,
> *Defendant-Appellee*.

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Timothy B. Donnelly, *pro se*, Rensselaer, New York |
| **FOR DEFENDANT-APPELLEE:** | Patricia McDonald Bowman, Trial Attorney; Michael J. Huangs, Supervisory Attorney, United States Department of Justice, Tax Division, Washington D.C. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Norman A. Mordue, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on May 5, 2012, is AFFIRMED.

Pro se plaintiff Timothy B. Donnelly, who sues the United States for a tax refund, appeals from the judgment dismissing his action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal from a judgment dismissing a complaint for lack of subject matter jurisdiction, we review the district court's factual findings for clear error and its legal conclusions de novo. See Maloney v. Soc. Sec. Admin., 517 F.3d 70, 74 (2d Cir. 2008). Dismissal of a complaint is proper "when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). While we disfavor dismissing a complaint without giving a pro se litigant an opportunity to amend, leave to amend is not necessary when it would be futile. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

Upon such review, we conclude that Donnelly's action was correctly dismissed for lack of subject matter jurisdiction, substantially for the reasons stated in the district court's memorandum decision and order. In particular, Donnelly did not comply with 26 U.S.C. § 7422(a) because he failed to specify any facts that could plausibly constitute the basis of a claim for a refund. Absent compliance with the statutory requirements set forth in 26 U.S.C. § 7422(a) and its accompanying regulations regarding the filing of a valid claim for refund, Donnelly cannot assert that the United States waived sovereign immunity. See United States v. Dalm, 494 U.S. 596, 608–10 (1990). The district court also did not err in declining to grant Donnelly leave to amend, as an amendment to the complaint would not have cured this jurisdictional bar. See id.

2

We have considered Donnelly's remaining arguments and find them to be without merit.

Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court