13-1637
White v. White

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of February, two thousand fourteen.

PRESENT:
>        **DENNIS JACOBS**,
>        **GUIDO CALABRESI**,
>        **ROSEMARY S. POOLER**,
>                *Circuit Judges.*

_____

Keith White,

>                *Plaintiff-Appellant*,


>        v.                                                13-1637


Gabriela White,

>                *Defendant-Appellee*.


_____

**FOR PLAINTIFF-APPELLANT:**        Keith White, *pro se*, New York, NY

**FOR DEFENDANT-APPELLEE:**        Nancy B. Ludmerer, Attorney,
                                                Davis Polk & Wardwell, LLP
                                                New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Keith White, *pro se*, appeals from the district court's judgment dismissing his complaint as barred by the *Rooker-Feldman* doctrine and the doctrines of collateral estoppel and *res judicata*, and for failure to state a claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review: (1) the factual findings underlying a Fed. R. Civ. P. 12(b)(1) dismissal for lack of jurisdiction for clear error, and legal conclusions *de novo*, *Maloney v. Soc. Sec. Admin.*, 517 F.3d 70, 74 (2d Cir. 2008) (per curiam); and (2) a Fed. R. Civ. P. 12(b)(6) dismissal *de novo*, "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff," *Litwin v. Blackstone Group, L.P.*, 634 F.3d 706, 715 (2d Cir. 2011) (internal quotation marks omitted). Dismissal of a complaint is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Although dismissal without affording a *pro se* litigant opportunity to amend is disfavored, leave to amend is not necessary if amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

The judgment is affirmed for substantially the same reasons stated by the district court and by the magistrate judge, whose report and recommendation was adopted by the district court. This action is in essence a protracted custody dispute on appeal from a state court judgment granting custody of Appellant's son to his ex-wife in New Jersey. Appellant argues that the

Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 89 (the "Hague Convention") and its implementing statute, the International Child Abduction Remedies Act, 42 U.S.C. §§ 11601 *et seq.* ("ICARA"), which he thinks requires the return of his son to his custody in New York and repayment of monies that Appellant has paid to Appellee since 2005.

Appellant's statutory interpretation is incorrect. The Hague Convention "does not establish substantive standards for resolving the merits of any underlying custody dispute." *Mota v. Castillo*, 692 F.3d 108, 112 (2d Cir. 2012) (citing Hague Convention, art. 19). "Rather, the Convention's focus is simply upon whether a child should be returned to her country of habitual residence for custody proceedings." *Id.* (citation omitted); *see also* 42 U.S.C. § 11601(b)(4) ("The Convention and this chapter empower courts in the United States to determine only rights under the Convention and not the merits of any underlying child custody claims."). The German Court's determination of "habitual residence," therefore, does not bear upon the New York state court custody proceedings. The conduct of such proceedings in New York is entirely consistent with the German Court's order. Thus, procedural bars aside (all of which the district court correctly found applicable), Appellant's complaint failed to state a claim, and amendment would have been futile.

We have considered Appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court