Russo v. DiLieto

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand fourteen.

PRESENT: DENNIS JACOBS,
          CHESTER J. STRAUB,
          SUSAN L. CARNEY,
            <u>Circuit Judges</u>.

————————————————————————————————

PAUL ANDREW RUSSO, PRIVATE ATTORNEY GENERAL,

          <u>Plaintiff-Appellant,</u>

    v.                          13-2397

EDWARD DILIETO, IN HIS OFFICIAL AND PRIVATE CAPACITY; STATE MARSHAL COMMISSION; DEPARTMENT OF ADMINISTRATIVE SERVICES; THOMAS TERRIBILE, IN HIS OFFICIAL AND PRIVATE CAPACITY; GUILFORD POLICE DEPARTMENT; CITY OF GUILFORD; DOES, 1 THROUGH 30 INCLUSIVE,

          <u>Defendants-Appellees.</u>

————————————————————————————————

**FOR PLAINTIFF-APPELLANT:**  PAUL ANDREW RUSSO, pro se, Guilford, CT.

**FOR DEFENDANTS-APPELLEES:**  JOSEPH BREE BURNS, Rome McGuigan, P.C., Hartford, CT for Defendant-Appellee Edward DiLieto.

CARMEL A. MOTHERWAY, Assistant Attorney General, Connecticut Office of the Attorney General, Hartford, CT for Defendants-Appellees State Marshal Commission and Department of Administrative Services.

MICHAEL T. RYAN, Ryan Ryan Deluca LLP, Stamford, CT for Defendants-Appellees Thomas Terribile, Guilford Police Department, and City of Guilford.

Appeal from a judgment of the United States District Court for the District of Connecticut (Covello, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Paul Andrew Russo, pro se, appeals from the district court's judgment dismissing his complaint for lack of subject matter jurisdiction under the Rooker-Feldman doctrine. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

On appeal from a judgment dismissing a complaint for lack of subject matter jurisdiction, we review factual findings for clear error and legal conclusions de novo. See Maloney v. Soc. Sec. Admin., 517 F.3d 70, 74 (2d Cir. 2008) (per curiam). A complaint must be dismissed "when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110,

113 (2d Cir. 2000). While we disfavor dismissing a complaint without giving a pro se litigant an opportunity to amend, leave to amend is not necessary when it would be futile. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

Under the Rooker-Feldman doctrine, district courts lack subject matter jurisdiction over claims that effectively challenge state court judgments. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923) ("[N]o court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify [a state court's] judgment for errors . . . ."). This jurisdictional rule bars challenges to "cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." Feldman, 460 U.S. at 486. Specifically, the Rooker-Feldman doctrine acts as a jurisdictional bar to cases: (1) "brought by state-court losers," (2) "complaining of injuries caused by state-court judgments," (3) that were "rendered before the district court proceedings commenced," and (4) "inviting district court review and rejection of those [state court] judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

As the district court held, Russo's claims were barred by the Rooker-Feldman doctrine because: (1) Russo lost in state court; (2) his injuries stemmed directly from the state court's foreclosure judgment; (3) Russo filed his action in the district court after the state court judgment had been rendered; and (4) Russo's requested relief (an order prohibiting eviction or foreclosure) required the district court to review and reject the state court's foreclosure judgment. See Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 87 (2d Cir. 2005). It does not matter that Russo added parties to the federal action who were not parties to the state action.

The district court did not err in denying Russo leave to amend, because amendment would have been futile in light of the Rooker-Feldman doctrine.

3

    We have considered all of Russo's remaining arguments and conclude that they are without merit.  The judgment of the district court is hereby **AFFIRMED**.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk