**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1651
_____

THURSTON SANDERS,
                                        Appellant

v.

UNITED STATES OF AMERICA; MR. WOMACK,
Supervisor of Education Programs - West;
MS. JOHN PIERRE, Assist. Supervisor of Education;
NEW JERSEY DEPARTMENT OF CORRECTIONS
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 1-17-cv-01218)
District Judge: Noel L. Hillman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 2, 2018
Before: MCKEE, COWEN, and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 30, 2019)
_____

OPINION*
_____

PER CURIAM

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Thurston Sanders appeals from an order of the District Court dismissing his pro se complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). For the reasons that follow, we will affirm.

Sanders, then an inmate at the Federal Correctional Institution, Fort Dix, N.J., filed a complaint and in forma pauperis application in the United States District Court for the District Court of New Jersey.[1] Sanders named as defendants the United States of America, Mr. Womack, the Supervisor of Education Programs at FCI Fort Dix, and Ms. John Pierre, the Assistant Supervisor of Education Programs, and alleged that they had terminated his participation in the Lincoln Technical Institute Heating, Ventilation and Air Conditioning ("HVAC") Training Program because he was "too old."[2] Sanders asserted jurisdiction under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and the Age Discrimination in Federally Assisted Programs Act ("ADFAP"). Complaint, ¶ 1a. Sanders sought $1,200,000.00 in damages and alleged that he had exhausted his administrative remedies.

The District Court granted Sanders leave to appeal in forma pauperis and his complaint was filed. Then, in an order entered on February 16, 2018, the Court dismissed the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915(A) for failure to state a claim upon which relief may be granted, determining that the ADFAP,

---

[1] Sanders has since been released from prison.

[2] Sanders also named as a defendant the New Jersey Department of Corrections, but, as the District Court noted, there are no allegations in the complaint against the state Department of Corrections. This defendant thus was properly dismissed under §§ 1915(e)(2)(B) and 1915A.

2

42 U.S.C. §§ 6101-6107, does not apply to federal agencies, such as the Bureau of Prisons, which administer their own funds. See Sanders v. United States, 2018 WL 918889 (D.N.J. Feb. 16, 2018). The Court further determined without discussion that Sanders had identified no Bivens claim for relief, id. at *1 n.2, and denied Sanders leave to amend because any amendment would be futile.

Sanders appeals. We have jurisdiction under 28 U.S.C. § 1291. In his pro se brief, Sanders contends that the District Court erred in dismissing his claim under the ADFAP, and he seeks the appointment of counsel and discovery. We note that he has included in the Appendix a copy of a letter from the BOP Northeast Regional Counsel, rejecting his administrative tort claim for age discrimination and psychological distress on the ground that he did not allege a physical injury actionable under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(2), § 2672.

We will affirm. Because Sanders was proceeding in forma pauperis and was incarcerated, his complaint was subject to sua sponte screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). We agree with the District Court that Sanders' claim is not cognizable under the ADFAP. That Act provides that "no person in the United States shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subject to discrimination under, any program or activity receiving Federal financial assistance." 42 U.S.C. § 6102. It defines "program or activity" as including the operations of certain types of state and local government entities, educational institutions, and private organizations, which receive federal funding for their programs, id. at § 6107(4), but it does not include federal agencies, such as the Bureau of

3

Prisons, which administer their own funds. See Maloney v. Social Security Administration, 517 F.3d 70, 74-75 (2d Cir. 2008) (per curiam). The ADFAP does not apply to "programs directly administered by the federal government." Id. at 75. Sanders specifically alleged that federal employees of the BOP, in their capacities as the Supervisor and Assistant Supervisor of Educational Programs at FCI Fort Dix, denied him the benefit of participating in one of the BOP's educational programs for inmates. Thus, his complaint concerns actions taken by a federal agency administering its own funds.

This does not mean that he is without a legal remedy, however, or that the BOP has a license to discriminate on the basis of age. When such discrimination occurs, the Constitution itself or the BOP's own Program Statements may provide an appropriate remedy. With respect to federal constitutional rights, a Bivens action is the federal equivalent of civil rights suits brought against state officials under 42 U.S.C. § 1983, and we thus consider Sanders' age discrimination claim against the individual defendants to have been brought under Bivens as well. See Marshall v. Federal Bureau of Prisons, 518 F. Supp.2d 190, 193 (D.D.C. Oct. 30, 2007). Here, the District Court determined that the complaint could not proceed under § 1915(2)(B)(ii) and Rule 12(b)(6). Rule 12(b)(6) tests the sufficiency of the factual allegations contained in the complaint. See Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). A complaint should be dismissed under Rule 12(b)(6) if the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

4

Although factual averments must be accepted as true, legal conclusions are disregarded. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

Assuming that Sanders intended to state due process and equal protection violations, we are not persuaded that a Bivens claim could proceed. In the Marshall case, the inmate sued BOP employees because he too had requested to participate in the HVAC training program but was denied participation because he did not meet the program's age restriction of 18 to 25 years. 518 F.Supp.2d at 193. The District Court for the District of Colombia held that the inmate could not state a claim upon which relief may be granted because inmates do not have a due process right to participate in vocational and educational programs, id. at 194 (citing Sandin v. Conner, 515 U.S. 472, 484 (1995), and because age is not a suspect classification under the Equal Protection Clause, id. at 195 (citing Kimel v. Florida Board of Regents, 528 U.S. 62, 83 (2000) ("Old age also does not define a discrete and insular minority because all persons, if they live out their normal life spans, will experience it.")). Because rational basis analysis applies to an inmate's claim of age discrimination in violation of the Equal Protection Clause, we consider only whether the defendants' actions here were rationally related to a legitimate prison objective, see Marshall, 518 F. Supp.2d at 195. This is a difficult test for Sanders to meet. As he himself acknowledges in his complaint, HVAC training is a post-secondary school educational opportunity which can lead to small business ownership and thus a lifetime of earnings. Accordingly, we agree with the Marshall court that reserving that opportunity for young inmates is not irrational. Id. at 196.

5

Last, we note that the Bureau of Prisons Program Statement pertaining to Non-Discrimination Toward Inmates states that Bureau staff "shall not discriminate against inmates on the basis of race, religion, national origin, sex, disability, or political belief," Program Statement 1040.04, https://www.bop.gov/policy/progstat/1040_004.pdf, but it does not prohibit discrimination on the basis of age.

For the foregoing reasons, we will affirm the order of the District Court dismissing the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). Sanders' requests in his pro se brief for appointment of counsel and discovery are denied.