Badwal v. Badwal

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand nineteen.

PRESENT:
> AMALYA L. KEARSE,
> DENNIS JACOBS,
> PETER W. HALL,
> *Circuit Judges.*

---

Avtar S. Badwal,

> *Plaintiff-Appellant*,

> v.                                                     18-827

Ramandeep Badwal, Jeffrey S. Brown, in his official and personal capacity,

> *Defendants-Appellees*.

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Avtar S. Badwal, pro se, South Richmond Hill, NY. |
| **FOR DEFENDANT-APPELLEE BADWAL:** | No appearance. |
| **FOR DEFENDANT-APPELLEE BROWN:** | Andrew W. Amend, Senior Assistant Solicitor General, David Lawrence III, Assistant Solicitor General, *for* Letitia James, Attorney General of the State of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (DeArcy Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Avtar Badwal, pro se, appeals from the district court's judgment dismissing sua sponte his complaint for lack of subject matter jurisdiction and as frivolous. Badwal brought claims under 42 U.S.C. § 1983 and state law against his former wife and the state court judge who presided over their divorce proceedings. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal from a judgment dismissing a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3), we review the district court's factual findings for clear error and its legal conclusions de novo. *See Maloney v. Soc. Sec. Admin.,* 517 F.3d 70, 74 (2d Cir. 2008) (per curiam). Although we have not yet decided whether we review de novo or for abuse of discretion the exercise of inherent authority to sua sponte dismiss a complaint as frivolous, we need not do so here because the district court's decision "easily passes muster under the more rigorous *de novo* review." *Fitzgerald v. First E. Seventh St. Tenants Corp.,* 221 F.3d 362, 364 n.2 (2d Cir. 2000) (per curiam). We afford a pro se litigant "special solicitude" by interpreting a complaint filed pro se "to raise the strongest claims that it suggests." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal alterations and quotation marks omitted).

To the extent Badwal seeks to vacate orders of the state court, his complaint was properly dismissed pursuant to the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (noting that *Rooker-Feldman* bars consideration of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). Further, as the district court concluded, Justice Brown is immune from suit. *See Gollomp v. Spitzer*, 568 F.3d 355, 365–68 (2d Cir. 2009) (noting that sovereign immunity bars § 1983 action brought against the New York Unified Court System and an individual acting in his judicial capacity); *Green v. Maraio*, 722 F.2d 1013, 1016–18 (2d Cir. 1983) ("A judge defending against a section 1983 action is entitled to absolute judicial immunity from damages liability for acts performed in his judicial capacity."); *see also* 42 U.S.C. § 1983 (barring injunctive relief against judicial officers "unless a declaratory decree was violated or declaratory relief was unavailable").

To the extent the complaint may be construed to raise a § 1983 conspiracy claim against Badwal's former wife, which might be outside the *Rooker-Feldman* doctrine, any such claim is inadequately pleaded. "To state a claim against a private entity on a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." *Spear v. Town of W. Hartford*, 954 F.2d 63, 68 (2d Cir. 1992). Badwal alleges only that his former wife benefited from the alleged violations of his rights and that the alleged abuse of judicial powers occurred "in concert with others." App'x 10. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Badwal does not challenge the denial of leave to amend his complaint; in any event, Badwal's complaint does not "suggest[] that [Badwal] has a claim that []he has inadequately or inartfully pleaded and that []he should therefore be given a chance to reframe." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Badwal does not challenge the district court's decision declining to exercise supplemental jurisdiction over his state law claims and, in any event, the district court did not abuse its discretion in declining to do so because Badwal's federal claims were properly dismissed. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.").

We have considered all of Badwal's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3