*Ward v. City of New York, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of June, two thousand nineteen.

PRESENT:
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> RICHARD J. SULLIVAN,
> > *Circuit Judges.*

_____

Elaine Ward,
> *Plaintiff-Appellant*,

v.                                                                                      17-2973

City of New York, Scott Stringer, New York City Comptroller, Bill de Blasio, New York City Mayor, Aisha Norflett, The NYC DOB, Director of Licensing Unit, Rick Chandler, The NYC Department of Buildings Commissioner, Michael Cardozo, Former Corporation Counsel, Robert Limandri, Former NYC DOB Commissioner, Drake Colley, NYC Law Department Sr. Appeals Attorney, Louise Moed, NYC Law Department of Counsel, Richard Paul Dearing, NYC Law Department Attorney, Luiggy Gomez, NYC Law Department Messenger, Moses Williams, NYC Law Department Notary, Debra Herlica, NYC Building Special Investigations Director, Patricia Pena, NYC BSIU Attorney, Zachary W. Carter, Plumbing Foundation City of New York, Inc., Lawrence Levine, Chairman of the board of Directors, Licensed Master Plumber of the City of New York, Stewart O'Brien, Executive Director of the Plumbing Foundation, The Law Offices of Stuart A. Klein, Peter E. Sayer, Esq., Stuart A. Klein, Esq., Par Plumbing, AKA The PAR Group, LT. Terrance O'Brien, Assistant Deputy Director of the Plumbing Foundation,

> *Defendants-Appellees*.

_____

**FOR PLAINTIFF-APPELLANT:** Elaine Ward, *pro se*, Flushing, NY.

**FOR DEFENDANTS-APPELLEES**
**City of New York, Scott Stringer, New York City**
**Comptroller, Bill de Blasio, New York City**
**Mayor, Aisha Norflett, The NYC DOB, Director**
**of Licensing Unit. Rick Chandler, The NYC**
**Department of Buildings Commissioner, Michael**
**Cardozo, Former Corporation Counsel, Robert**
**LiMandri, Former NYC DOB Commissioner,**
**Drake Colley, NYC Law Department Sr.**
**Appeals Attorney, Louise Moed, NYC Law**
**Department of Counsel, Richard Paul Dearing,**
**NYC Law Department Attorney, Luiggy**
**Gomez, NYC Law Department Messenger,**
**Moses Williams, NYC Law Department Notary,** Jane L. Gordon, Diana Lawless, *of*
**Debra Herlica, NYC Building Special** *Counsel*, *for* Zachary W. Carter,
**Investigations Director, Patricia Pena, NYC** Corporation Counsel of the City of New
**BSIU Attorney, and Zachary W. Carter:** York, New York, NY.

**FOR DEFENDANTS-APPELLEES**
**The Law Offices of Stuart A. Klein, Peter E.** Christopher M. Slowik, Klein Slowik
**Sayer, Esq., and Stuart A. Klein, Esq.:** PLLC, New York, NY.

**FOR DEFENDANT-APPELLEE** Don R. Sampen, Hillary A. Fraenkel,
**Par Plumbing Co., Inc.:** Clausen Miller, P.C., Florham Park, NJ.

**FOR DEFENDANTS-APPELLEES**
**Plumbing Foundation City of New York, Inc.,**
**Lawrence Levine, Chairman of the Board of**
**Directors, Licensed Master Plumber of the**
**City of New York, Stewart O'Brien, Executive**
**Director of the Plumbing Foundation, and**
**Terrance O'Brien, Assistant Deputy Director** Aislinn S. McGuire, Kauff McGuire &
**of the Plumbing Foundation:** Margolis, LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of

New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Elaine Ward ("Ward"), proceeding *pro se*, appeals the district court's judgment *sua sponte* dismissing her amended complaint, in which she asserted claims under 42 U.S.C. §§ 1983 and 1985, as well as under state law, arising out of the revocation of her master plumber's license and subsequent state court litigation. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In reviewing a district court's dismissal of a complaint for lack of subject matter jurisdiction, we review factual findings for clear error and legal conclusions *de novo*, *see Maloney v. Soc. Sec. Admin.*, 517 F.3d 70, 74 (2d Cir. 2008), and can consider documents attached to the complaint and matters subject to judicial notice, *see Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). Although this Court has not yet determined whether a district court's *sua sponte* dismissal of a complaint as frivolous is reviewed *de novo* or for abuse of discretion, we need not make such a determination where the district court's decision "easily passes muster under the more rigorous *de novo* review." *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 n.2 (2d Cir. 2000). This Court affords *pro se* litigants "special solicitude" by interpreting *pro se* complaints "to raise the strongest claims that [they] suggest[]." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal alterations and quotation marks omitted).

Here, the district court properly dismissed most of Ward's federal claims as untimely. When filed in New York, section 1983 and 1985 claims are subject to a three-year statute of limitations, accruing "when the plaintiff knows or has reason to know of the injury which is the basis of [his or her] action." *Pearl v. City of Long Beach*, 296 F.3d 76, 79–80 (2d Cir. 2002) (internal quotation marks omitted) (Section 1983); *Cornwell v. Robinson*, 23 F.3d 694, 703 (2d Cir. 1994) (Section 1985). Although untimeliness is an affirmative defense, a complaint may be

dismissed on this basis if the defense is plain from the face of the complaint.   *See Pino v. Ryan*,
49 F.3d 51, 53–54 (2d Cir. 1995).

With the exception of some of Ward's allegations concerning state court proceedings, all of the events recounted in her complaint occurred and were known to her prior to May 17, 2014, which was three years before she initiated this action. Thus, most of her claims are untimely in the absence of equitable tolling.   These untimely claims include all her allegations concerning: discrimination and retaliation in the 1980s and 1990s; the 2011 revocation of Ward's master plumber's license; the alleged misconduct leading to the state court's April 2014 grant of leave to appeal; and her former attorney's April 2014 initiation of a lawsuit against her.   Ward's theory of equitable tolling is that Defendants-Appellees allegedly concealed their actions from her and colluded with her former attorney to do so.   However, Ward alleged that she knew about the concealment and her attorney's improper relationship with the other Defendants-Appellees by April 2014, which was still more than three years before she filed the original complaint in this case on May 17, 2017.   Thus, even if Ward were entitled to tolling on her claims until April 2014, most of her claims would still be untimely.   *See Pearl*, 296 F.3d at 79–80; *Cornwell*, 23 F.3d at 703.

Those of Ward's claims that are not time-barred are barred by the *Rooker-Feldman* doctrine.   Under that doctrine, federal courts lack subject matter jurisdiction over claims that, in effect, challenge state court judgments.   *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486–87 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923).   A claim brought in federal court is barred under *Rooker-Feldman* when (1) the plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff

4

invites the federal court to review and reject that state court judgment; and (4) the state court judgment was rendered prior to the commencement of proceedings in federal court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The thrust of Ward's complaint regarding the events of May 2014 and thereafter is that Defendants-Appellees, together with state court judges, thwarted her efforts to challenge New York City's appeal and to obtain a traverse hearing, which she contends that she was entitled to based on Defendants-Appellees' earlier wrongdoing. But each element of *Rooker-Feldman* is satisfied here. Ward lost in state court prior to initiating this action. *See Ward v. City of New York*, 23 N.Y.3d 1046 (2014); *Ward v. City of New York*, 138 A.D.3d 629 (1st Dep't 2016). Ward's alleged injuries, relating to the loss of her professional license and denial of requested hearings, are injuries resulting from the state court judgments. And she now seeks reversal of those judgments, including an order reversing the state court decision not to hold a traverse hearing. Although Ward contends that she is alleging injuries flowing from Defendants-Appellees' misconduct before the state court, rather than from the state court judgments themselves, her fraud claims allege actions predating the state court's April 2014 grant of leave to appeal. Her allegations concerning events thereafter are that state court judges (who are not parties to this action) issued or refused to issue orders knowing that the City was not entitled to appeal. Such claims "require the federal court to review the state proceedings and determine that the . . . [orders were] issued in error" and are thus barred by *Rooker-Feldman. Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014). Accordingly, the district court properly dismissed Ward's amended complaint.[1]

---

[1] To the extent that Ward's amended complaint may be construed to also assert state law claims, Ward abandoned these claims by failing to address in her appellate brief the district court's

5

The district court also did not err in declining to grant Ward leave to file a second amended complaint. Denials of leave to amend based on futility are reviewed *de novo*. *Hutchison v. Deutsche Bank Sec. Inc.*, 647 F.3d 479, 490 (2d Cir. 2011). A *pro se* plaintiff should be "grant[ed] leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks omitted). But the district court was not obligated to grant leave to amend a *second* time after Ward's first amended complaint failed to cure the defects that the court identified in its order to amend. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Finally, Ward's claim that the district court was improperly influenced by Defendants-Appellees and was biased against her is meritless and based entirely on her dissatisfaction at the court's adverse rulings. *See Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009).[2]

We have considered all of Ward's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

decision not to exercise jurisdiction over them. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (issues not addressed in *pro se* appellate brief are abandoned).

[2] Ward moves to strike the appellees' briefs, oral argument statements, and various certificates of service, to disqualify and sanction counsel, and to amend this Court's docket. These motions are denied as moot.