*Searles v. Robert*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand twenty-three.

PRESENT:
> **GERARD E. LYNCH,**
> **MICHAEL H. PARK,**
> *Circuit Judges,*
> **ARUN SUBRAMANIAN,**
> *District Judge.*[*]

———————————————————

Christopher Searles,

*Plaintiff-Appellant,*

v.                                                                21-2836

Joyce Robert, M.D., Mt. Sinai Health System, Inc.,

*Defendants-Appellees.*

———————————————————

FOR PLAINTIFF-APPELLANT:           Christopher Searles, *pro se*, New York, NY.

FOR DEFENDANT-APPELLEE
JOYCE ROBERT, M.D.:                Brandon H. Cowart, Benjamin H. Torrance, Assistant United States Attorneys, *for*

---

[*] Judge Arun Subramanian, of the United States District Court for the Southern District of New York, sitting by designation.

Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part and this case is **REMANDED** for further proceedings consistent with this order.

Appellant Christopher Searles, represented by counsel in the district court but *pro se* on appeal, sued Joyce Robert, M.D., in New York state court for medical malpractice based on treatment Searles received in the emergency room of Mt. Sinai Hospital while Dr. Robert was an employee of the Institute of Family Health (the "Institute"). The government removed the case to federal court, certifying that Dr. Robert was acting within the scope of her deemed employment with the United States Public Health Service, and moved to substitute the United States as the defendant under 42 U.S.C. § 233(a). The government then moved to dismiss the claims against Dr. Robert for failure to exhaust under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a). The district court adopted the government's arguments and dismissed the complaint. Searles timely appealed. We assume the parties' familiarity with the remaining underlying facts, procedural history of the case, and issues on appeal.

"In reviewing a district court's dismissal of a complaint for lack of subject matter jurisdiction, we review factual findings for clear error and legal conclusions *de novo*." *Maloney v. Soc. Sec. Admin.*, 517 F.3d 70, 74 (2d Cir. 2008). "A plaintiff asserting subject matter

jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

The district court correctly determined that it lacked jurisdiction over Searles's claims against Dr. Robert because Searles did not exhaust his administrative remedies before filing suit. "Section 233(a) grants absolute immunity" to Public Health Services employees for "actions arising out of the performance of medical or related functions within the scope of their employment" by barring claims against them and limiting recovery to suits against the United States. *Hui v. Castaneda*, 559 U.S. 799, 806 (2010). "The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). Here, it is undisputed that Searles did not exhaust his administrative remedies.

Searles argues that section 233 does not apply because Dr. Robert was acting outside the scope of her employment when treating him at Mt. Sinai Hospital. Searles cites a Department of Health and Human Services notice clarifying that the FTCA does not cover "moonlighting" activities outside the scope of employment. *See* 60 Fed. Reg. 49417-18 (Sept. 25, 1995). But the scope of employment for purposes of section 233 is determined by the "law of the place"— here, the State of New York. *Agyin v. Razmzan*, 986 F.3d 168, 171, 184 (2d Cir. 2021). And under New York law, "an employee acts within the scope of his employment when (1) the employer is, or could be, exercising some control, directly or indirectly, over the employee's activities, and (2) the employee is doing something in furtherance of the duties he owes to his employer." *Id.* at 184 (internal quotation marks omitted).

3

According to Dr. Robert's job description at the Institute, she was responsible for hospital-based on-call service and training. Her declaration also made clear that her on-call coverage at Mt. Sinai generally and her treatment of Searles specifically were performed under her employment agreement with the Institute, which required her to follow the Institute's patients if they were admitted to the hospital. Mt. Sinai in turn required Institute doctors to have admitting privileges to follow Institute patients, which required providing on-call coverage. Dr. Robert's service at Mt. Sinai fulfilled her contractual duties with the Institute and benefited the Institute by allowing her to follow the Institute's patients, so she was acting within the scope of her employment when treating Searles. *See id.* at 185 (concluding that a doctor was acting within the scope of his employment because he was "fulfilling his contractual duties" to the hospital pursuant to a contract the hospital "designed for its own benefit").

Searles argues that he was entitled to discovery, including billing records, to demonstrate the employment relationship between Dr. Robert and Mt. Sinai. But Searles did not explain how the billing records he seeks would show that Dr. Robert was "moonlighting" at Mt. Sinai given Dr. Robert's declaration describing the requirements of her position at the Institute. *Cf., e.g.*, *Gualandi v. Adams*, 385 F.3d 236, 245 (2d Cir. 2004) (concluding that the district court did not abuse its discretion by ruling on a motion to dismiss and thus foreclosing discovery because the plaintiffs failed to show how the information sought "would bear on the critical issue").

Searles's claims against Dr. Robert were the only basis for federal jurisdiction in this case. Once those claims were dismissed, the district court did not have jurisdiction over Searles's claims against Mt. Sinai. Searles brought only state-law claims against Mt. Sinai and alleged that he is a New York resident while Mt. Sinai is a corporation with its principal place of business in New

4

York. Searles did not allege that he was a citizen of any other state and thus failed to establish diversity jurisdiction. *See* 28 U.S.C. § 1332(a). So the district court should have remanded the case as against Mt. Sinai back to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment its appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also Delgado v. Our Lady of Mercy Med. Ctr.*, No. 06 Civ. 5261, 2007 WL 2994446, at *5 (S.D.N.Y. Oct. 12, 2007) (after case was removed from state court under section 233, dismissing claims against one defendant based on the plaintiff's failure to exhaust administrative remedies and remanding claims against the second defendant to state court).

We have considered Searles's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's dismissal of Searles's claims against Dr. Robert and we **VACATE** and **REMAND** the district court's dismissal of Searles's claims against Mt. Sinai so that those claims can be remanded to state court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5