24-2851-cv
*Khokhlov v. Euroclear SA/NV*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand twenty-five.

PRESENT:
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> BETH ROBINSON,
> *Circuit Judges.*

_____

Denis Khokhlov,

> *Plaintiff-Appellant,*

> v.                                                                          24-2851-cv

Euroclear SA/NV,

> *Defendant-Appellee.*

_____

**FOR PLAINTIFF-APPELLANT:**                    Denis Khokhlov, *pro se*, Brooklyn, NY.

**FOR DEFENDANT-APPELLEE:**                    Jeff E. Butler, Giannina M. Power, Clifford Chance US LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Jessica G. L. Clarke, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 30, 2024 judgment of the district court is **AFFIRMED**.

Denis Khokhlov, proceeding *pro se*, appeals from the district court's judgment dismissing his complaint against Euroclear SA/NV, a Belgian financial intermediary that clears and settles securities transactions. In a nutshell, Khokhlov alleges that Euroclear wrongfully blocked his assets after Russia invaded Ukraine in 2022 and Euroclear froze accounts belonging to Russia's central securities depository, the National Settlement Depository ("NSD"). While

2

the NSD was the record owner of the securities in Euroclear's accounts, Khoklov asserts that the frozen securities ultimately belonged to beneficial owners like himself. He therefore brought claims under both the Due Process Clause of the Fourteenth Amendment and the Alien Tort Statute ("ATS"), which the district court dismissed for failure to state a claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as needed to explain our decision.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Mazzei v. The Money Store*, 62 F.4th 88, 92 (2d Cir. 2023) (internal quotation marks omitted). "[W]e liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted).

Khokhlov first maintains that Euroclear violated his due process rights by freezing his assets. While Khokhlov concedes that "the conduct of private parties lies beyond the Constitution's scope," he emphasizes that "governmental

3

authority may dominate an activity to such an extent that its participants must be deemed to act with authority of the government." Khokhlov Br. at 12. He contends that the U.S. Treasury Department's Office of Foreign Asset Control ("OFAC") imposed sanctions on NSD, and that Euroclear thus acted with governmental authority sufficient to anchor a Due Process Clause claim against it.[1]

"To succeed on a Due Process Clause claim, plaintiffs must first demonstrate that the challenged activity leading to their constitutional deprivation is 'fairly attributable' to the state." *Barrows*, 24 F.4th at 135 (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)). As relevant here, "a private entity's action is fairly attribut[able] to the state . . . when the entity acts pursuant to the coercive power of the state or is controlled by the state[.]" *Id.* (internal quotation marks omitted).

---

[1] Under normal pleading standards, Khokhlov's argument would fail outright because "the Fourteenth Amendment applies only to the states." *Maloney v. Soc. Sec. Admin.*, 517 F.3d 70, 74 n.4 (2d Cir. 2008); *see also Bolling v. Sharpe*, 347 U.S. 497, 499 (1954). Since OFAC is a federal agency, Khokhlov's arguments raise potential issues only under the Due Process Clause of the Fifth Amendment – not the Fourteenth. But because Khokhlov is a *pro se* litigant, we "liberally construe [his] pleadings" as raising a Fifth Amendment claim. *McLeod*, 864 F.3d at 156 (internal quotation marks omitted). As it turns out, we use the same state-action test to assess due process challenges brought under either amendment. *See, e.g.*, *Barrows v. Becerra*, 24 F.4th 116, 135 (2d Cir. 2022) (articulating Fifth Amendment test by citing and quoting Fourteenth Amendment caselaw).

But Khokhlov alleges neither that OFAC controls Euroclear nor that it has forced Euroclear to freeze the NSD assets of which he is the beneficial owner. Quite the opposite. Khokhlov asserts that OFAC has "issued a general license *permitting* non-sanctioned individuals to transfer their assets from sanctioned financial institutions to non-sanctioned financial institutions." Sp. App'x at 6 (emphasis added). In other words, Khokhlov's beef is not with OFAC for forcing Euroclear's hand, but with Euroclear for not complying with an OFAC license that permitted it to give Khokhlov his securities. Because Khokhlov alleges that OFAC "permitt[ed]" Euroclear to transfer his assets to him – and not, as state-action doctrine would require, that OFAC coerced Euroclear into freezing his assets – Khokhlov has not alleged state action, which is fatal to his due process claim.

Khokhlov's ATS claims fare no better. In *Jesner v. Arab Bank, PLC*, the Supreme Court expressly held that "foreign corporations may not be defendants in suits brought under the ATS." 584 U.S. 241, 272 (2018). Khokhlov tries to circumvent that clear holding by emphasizing facts that purportedly distinguish his case from that of the *Jesner* plaintiffs. Khokhlov Br. at 8. But *Jesner* did not set out a soft standard allowing courts to determine when corporate liability

5

would make sense in specific cases. It instead concluded that "Congress [wa]s in a better position" than the courts to "determin[e] whether and how best to impose corporate [ATS] liability," *id.* at 270, and that the decision of whether to impose corporate liability should be "deferr[ed,] . . . quite appropriately, to the political branches," *id.* at 272 (internal quotation marks omitted). Because *Jesner* squarely forecloses ATS actions against foreign corporations like Euroclear, the district court did not err in dismissing Khokhlov's ATS claims.

We have considered Khokhlov's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court